IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.  Criminal No. **3:09CR235**

**JOHN W. WILKERSON, JR.,**

Petitioner.

### MEMORANDUM OPINION

John W. Wilkerson, Jr., a federal inmate proceeding *pro se*, brings this motion pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion," ECF No. 102). The Government has responded, asserting that Wilkerson's § 2255 Motion is, *inter alia*, meritless. (ECF No. 106.) For the reasons set forth below, Wilkerson's § 2255 Motion will be DENIED.

### I. Procedural History

On July 21, 2009, a grand jury charged Wilkerson with one count of conspiracy to possess with intent to distribute and to distribute one kilogram or more of a mixture and substance containing heroin; four counts of distribution of heroin; one count of possession with intent to distribute more than 100 grams of a mixture and substance containing a detectable amount of heroin; one count of possession of a firearm in furtherance of a drug trafficking crime; and one count of possession of a firearm by a felon. (Indictment 1–6, ECF No. 14.) On September 22, 2009, the grand jury returned a Superseding Indictment, charging Wilkerson with one count of conspiracy to possess with intent to distribute and to distribute one kilogram or more of a mixture and substance containing heroin, in violation of 21 U.S.C. § 846 (Count One); four counts of distribution of heroin, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(C) (Counts Two through Five); one count of possession with intent to distribute more than 100 grams of a

mixture and substance containing a detectable amount of heroin, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(B) (Count Seven); two counts of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Counts Nine and Seventeen); one count of possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1) & 924(a)(2) (Count Ten); one count of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) (Count Eleven); and four counts of money laundering, in violation of 18 U.S.C. § 1956(a)(1)(A)(i) and §1956(a)(1)(B)(i). (Counts Twelve through Fifteen). (Superseding Indictment 1–11, ECF No. 35.)

On October 5, 2009, Wilkerson pled guilty to Counts One and Nine of the Superseding Indictment. (Plea Agreement ¶ 1, ECF No. 43.) On January 22, 2010, the Court entered judgment against Wilkerson and sentenced Wilkerson to 210 months of imprisonment on Count One and 60 months of imprisonment on Count Nine, to be served consecutively. (J. 2, ECF No. 79.)[1] The Court granted the Government's motion to dismiss the remaining counts of the Superseding Indictment and the Indictment against Wilkerson. (*Id.* at 1.) Wilkerson did not file a direct appeal.

On June 17, 2016, Wilkerson placed the present § 2255 Motion in the prison mail system for mailing to this Court. (§ 2255 Mot. 13.)[2] The Court deems the § 2255 Motion filed as of that date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988). In his § 2255 Motion, Wilkerson alleges that, pursuant to the United States Supreme Court's recent decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), his conviction for Count Nine must be vacated. (§ 2255 Mot. 4, 13.)

---

[1] By Order entered on November 10, 2015, the Court granted Wilkerson's Motion for a Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(2) and reduced his sentence to 248 months, consisting of 188 months for Count One and 60 months for Count Nine, to be served consecutively. (ECF No. 100, at 1.)

[2] The Court utilizes the pagination assigned to Wilkerson's § 2255 Motion by the CM/ECF docketing system.

## II. Analysis

The Government asserts that Wilkerson's § 2255 Motion should be dismissed because it is barred by the applicable statute of limitations and is meritless. (Resp. 2.) Because Wilkerson's § 2255 Motion is readily dismissed for lack of merit, the Court declines to consider the Government's argument regarding timeliness.

As noted above, Wilkerson alleges that, pursuant to the United States Supreme Court's recent decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), his conviction for Count Nine must be vacated. (§ 2255 Mot. 4, 13.) In *Johnson*, the Supreme Court held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act [("ACCA")] violates the Constitution's guarantee of due process." 135 S. Ct. at 2563.[3] In *Welch v. United States*, 136 S. Ct. 1257 (2016), the Supreme Court held that "*Johnson* announced a substantive rule of law that has retroactive effect in cases on collateral review." *Id.* at 1268.

Here, however, Wilkerson was never subject to a sentence enhancement under the ACCA. Rather, Wilkerson seeks to extend *Johnson* to invalidate his conviction under 18 U.S.C. § 924(c)(1)(A), which states:

---

[3] The ACCA provides that

> [i]n the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years . . . .

18 U.S.C. § 924(e)(1). Under the residual clause, the term violent felony had been "defined to include any felony that 'involves conduct that presents a serious potential risk of physical injury to another.'" *Johnson*, 135 S. Ct. at 2555 (quoting 18 U.S.C. § 924(e)(2)(B)).

3

> Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime - -
> **(i)** be sentenced to a term of imprisonment of not less than 5 years.

18 U.S.C. § 924(c)(1)(A). The Supreme Court has not yet decided whether *Johnson* invalidates the "residual clause" of § 924(c)(3)(B), which defines a "crime of violence" to include any felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B). Nevertheless, the *Johnson* decision has no applicability to Wilkerson's case, as his conviction under 18 U.S.C. § 924(c)(1)(A) was predicated on a drug trafficking crime, not a crime of violence. *See United States v. Hare*, 820 F.3d 93, 105–06 (4th Cir.), *cert. denied*, 137 S. Ct. 460 (2016). Accordingly, Wilkerson's claim will be DISMISSED as meritless.

### III. Conclusion

For the foregoing reasons, Wilkerson's § 2255 Motion (ECF No. 102) will be DENIED. The action will be DISMISSED. A certificate of appealability will be DENIED.

An appropriate Order will accompany this Memorandum Opinion.

/s/
M. Hannah Lauck
United States District Judge

Date: JUL 21 2017
Richmond, Virginia

4